Lupiano, P. J.
(concurring). The premises which the landlord -sought to recover in the holdover proceeding, as delineated in the notice of petition, petition and notice of termination, is Apartment No. 4, consisting of two rooms on the second floor of 146 West 88th Street, New York County. At the inquest held on November 6, 1972, the landlord’s offer of proof related to said Apartment No. 4, two rooms on the second floor of the building. The owner merely testified at this time that said apartment was formerly occupied by a prior owner of the building and that no report of vacancy was filed with the office of rent control. This proof is patently insufficient to establish noncontrol status based on owner occupancy, because no particularized showing was made of compliance with section 2 (subd. f, par. [11]) of the New York City rent regulations.
Tenant on his motion to renew iterates his contention that his apartment is controlled. The landlord in opposition attempts to show that the tenant is obfuscating the issue by claiming that his apartment, numbered 4, is the same space as second floor rear in the subject building, and that the tenant is in fact living in the parlor and first floor rear and not the second floor rear space. By order dated February 22, 1973, the District Rent Director found premises known as “4 (Parlor Floor Rear) ”, purportedly occupied by this tenant, to be decontrolled, i.e., to be “ not subject to the Rent Regulations pursuant to Section 2f(11),” The description of the premises sought to be recovered, as delineated in the notice of petition, petition, notice of termination, and as described at the inquest, is at variance with that set forth in the decontrol order. Tenant has protested said order of decontrol (see Rent, Eviction and Rehabilitation Regulations, § 91, subd. a).
In view of the insufficiency of the landlord’s proof at the inquest with respect to the decontrol status of the premises sought to be recovered and in view of the ambiguity permeating this record in regard to just what premises are occupied by the tenant, reason and justice mandate that tenant be afforded his day in court. In this manner the ambiguity may be resolved. For the above reasons, I concur in the result reached by the majority.
*461 Frank and Fine, J J., concur in Per Curiam opinion; Lupiano, P. J., concurs in result, in memorandum.
Order reversed, judgment vacated, new trial directed, etc.